UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22128-Civ-COOKE/TURNOFF

CORAL WINDOWS BAHAMAS, LTD.,

    Plaintiff
vs.

PANDE PANE, LLC, *et al.*,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendant's, SMI Aluminum Systems, LLC ("SMI"), Renewed Motion for Summary Judgment ("Motion"). ECF No. 78. Plaintiff, Coral Windows Bahamas, LTD ("Coral Windows"), filed a Response, ECF No. 83, and SMI replied, ECF No. 89. I granted Coral Windows leave to file a surreply. ECF No. 95; 97. The Motion is now ripe for adjudication. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, SMI's Motion is denied.

### I. BACKGROUND

On June 13, 2011, Coral Windows filed a suit against Pande Pane, LLC ("Pande Pane"), SMI, and HDO Glass, Inc. ("HDO").[1] The gravamen of Coral Windows' Complaint is that it entered into contracts with Pande Pane and HDO for the purchase of laminated glass products, mostly windows, and that these products were defective due to delamination. Second Am. Comp. 1-5. Coral Window is suing Pande Pane for breach of contract (Count I), breach of implied warranty of merchantability (Count II), breach of implied warranty of fitness for a particular purpose (Count III), unjust enrichment (Count IV), and negligence (Count V). *See id.* at 5-10.

---

[1] Coral Window later asserted two claims against Cytec Industries, Inc. ("Cytec") for strict product liability and negligence, but on July 23, 2012, I granted Cytec's Motion to Dismiss the two counts. ECF No. 56.

Coral Windows asserts the same claims against HDO: breach of contract (Count VII), breach of implied warranty of merchantability (Count VIII), breach of implied warranty of fitness for a particular purpose (Count IX), unjust enrichment (Count X), and negligence (Count XI). *See id* at 11-15. However, on December 28, 2011, I stayed the case as to HDO after HDO filed a suggestion of bankruptcy. ECF No. 20; 18. Coral Windows also asserts a claim for successor liability against SMI, as the putative successor of Pande Pane (Count VI). Accordingly, the case is now proceeding against Pande Pane and SMI.

On July 12, 2012, SMI filed a motion for summary judgment directed at Count VI of Coral Windows' operating Complaint, *i.e.* the claim for successor liability against SMI. ECF No. 54. I denied the motion without prejudice as premature because discovery was still ongoing. ECF No. 63. On January 7, 2013, SMI filed its Motion, which is now fully briefed. ECF No. 78. The parties agree on a limited set of facts regarding the issue of SMI's putative successor liability.

Pande Pane was established as a Florida limited liability company on June 10, 2002. Def.'s Statement §1; Pl.'s Statement 1. On September 17, 2010, Pande Pane entered into an Asset Purchase Agreement ("APA") with SMI[2] providing for, among other things, the purchase by SMI of the assets of Pande Pane. Def.'s Statement §3; Pl.'s Statement 1. Among the terms of the APA were a description of the assumed liabilities and a disclaimer of the liabilities not assumed as follows:

> 2.3.1. Assumed Liabilities On the Closing Date, the Buyer shall assume and agree to discharge only the following liabilities of Seller (the "Assumed Liabilities"):
> (a) Accounts payable due in the ordinary course of business as listed on Schedule 2.3.1(a);
> (b) Accrued expenses due in the ordinary course of Seller's business;
> (c) Seller's obligations arising after the Closing Date under Contracts;
> (d) Seller's Liabilities under warranty claims in an amount not to exceed (i) Fifteen Thousand ($15,000) Dollars in twelve (12) months following the Closing Date or any year thereafter; and (ii) in the aggregate Fifty Thousand ($50,000) Dollars and excluding liabilities identified on

---

[2] At the time SMI was named Mountain Acquisition Co. LLC., but it later changed its name to SMI. Pl.'s Statement 5.

        Schedule 2.3.1(d);
(e) A loan payable to Pande in the principal amount not to exceed Five Hundred Thousand ($500,000) Dollars, with conditions;
(f) Indebtedness to DeLage Landen Financial Services in the amount of $46,791.90.

Def.'s Statement §4; Pl.'s Statement 1.

Schedule 2.1.3(d) of the APA lists other assumed liabilities as "None." Def.'s Statement §4; Pl.'s Statement 1.

At all times material, the managing members of Pande Pane were (1) LJP Acquisitions, LLC ("LJP") and (2) James R. Pande ("Mr. Pande"), who also served as the President of the Pande Pane. Def.'s Statement §6; Pl.'s Statement 1. In consideration for the sale of Pande Pane's assets, Mr. Pande acquired a 15% equity stake in SMI. Def.'s Statement §1; Pl.'s Statement 1. SMI hired some but not all employees of Pande Pane. Def.'s Statement §§9-12; Pl.'s Statement 2-3. The parties dispute whether those employees were the majority of Pande Pane's employees and whether they were key employees. *See id.*

After the purchase of assets, SMI occupied the same facility as Pande Pane, but moved into another facility within fourteen months. Def.'s Statement §13; Pl.'s Statement 3. Mr. Pande was the President and managing member of Pande Pane. Def.'s Statement §14; Pl.'s Statement 3. He was in charge of the day-to-day operations of Pande Pane and made all the strategic decisions. Def.'s Statement §15; Pl.'s Statement 3. He is now a member of SMI, holds a 15% interest in SMI, and works for SMI as its General Manager. Pl.'s Statement 1. Ricky Silverstein controls the day-to-day operations at SMI, while Leon Silverstein makes the strategic decisions. Def.'s Statement §§17-18; Pl.'s Statement 3. SMI has a different telephone number from that of Pande Pane. Def.'s Statement §19; Pl.'s Statement 3. SMI uses the same website as Pande Pane, *i.e.* www.impactglass.com. Def.'s Statement §23; Pl.'s Statement 3. SMI does not mention Pande Pane in the SMI website, however, Pande Pane did business on its website as "SMI Systems." *See id.* SMI sells the products formerly sold by Pande Pane, although those products are often sold by

3

other aluminum manufacturers. Def.'s Statement §24; Pl.'s Statement 3. Miami-Dade County issues Notices of Acceptance ("NOA") indicating that a particular product complies with the Building Code. Def.'s Statement §25; Pl.'s Statement 3-4. Out of the ten or eleven NOAs purchased as assets by SMI from Pande Pane, only one is still in effect, but SMI renewed many of them when they expired. Def.'s Statement §25; Pl.'s Statement 4. Pande Pane used a logo that said "SMI Window wall + Entrance Systems" to market its business, while SMI uses a logo that says "SMI Aluminum Systems Window Wall & Entrances" to market its business. Pl.'s Statement 5-6.

On September 23, 2011, about a year after the APA, Pande Pane was dissolved. Def.'s Statement §2; Pl.'s Statement 1.

## II. LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

"The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to

the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

### III. ANALYSIS

As a preliminary matter, I acknowledge that SMI's Motion was filed on January 7, 2013, well after the October 26, 2012 deadline. *See* ECF No. 43. Since SMI filed its initial motion for summary judgment within the deadline, however, I nonetheless will consider its Renewed Motion. *See* ECF 52. There is no prejudice to Coral Window, as it already had responded to the initial Motion for Summary Judgment on July 30, 2012, and therefore, was fully aware of the arguments and evidence presented by SMI. ECF No. 57.

Now, turning on the issue of successor liability, the general rule is that the obligations and liabilities of a predecessor corporation are not imposed upon the successor company unless: (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. *Bernard v. Kee Mfg. Co.,* 409 So. 2d 1047, 1049 (Fla. 1982); *see also Gary Brown & Assos., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 842-43 (11th Cir. 2008). From the face of the Second Amended Complaint, it is unclear on which of these four theories Coral Windows relies to assert that SMI is the successor in interest of Pande Pane. Second Am. Comp. 10-11. In its Response to the Renewed Motion for Summary Judgment, however, Coral Windows argues that (1) SMI assumed the obligations of Pande Pane; (2) the

transaction embodied in the APA constituted a de facto merger; and (3) SMI is a mere continuation of Pande Pane.  I will address each argument in turn.[3]

### (1) There Are Genuine Issues of Material Facts as to Whether the Liabilities Assumed by SMI Are Sufficient to Create Successor Liability.

The liabilities assumed by SMI are set out in the APA.  *See Goodbody & Co., Inc. v. Rigel*, 339 So. 2d 272, 273 (Fla. Dist. Ct. App. 1976) (considering the language of the transaction documents on the issue of assumption of liabilities).  SMI assumed the following liabilities:

> (a) Accounts payable due in the ordinary course of business as listed on Schedule 2.3.1(a);
> (b) Accrued expenses due in the ordinary course of Seller's business;
> (c) Seller's obligations arising after the Closing Date under Contracts;
> (d) Seller's Liabilities under warranty claims in an amount not to exceed (i) Fifteen Thousand ($15,000) Dollars in twelve (12) months following the Closing Date or any year thereafter; and (ii) in the aggregate Fifty Thousand ($50,000) Dollars and excluding liabilities identified on Schedule 2.3.1(d);
> (e) A loan payable to Pande in the principal amount not to exceed Five Hundred Thousand ($500,000) Dollars, with conditions;
> (f) Indebtedness to DeLage Landen Financial Services in the amount of $46,791.90.
>
> Section 2.3.1 of the APA; Def.'s Statement §4; Pl.'s Statement 1.

The parties agree that SMI did not assume any other liability.  *See id.*  The issue, therefore, turns on whether these assumptions are sufficient to warrant successor liability.  There was no wholesale assumption of Pande Pane's liabilities.  However, SMI assumed several Pande Pane's liabilities, including liabilities under warranty claims, provided that this assumption be limited to $15,000 per year and to $50,000 in aggregate.  The parties were aware of Coral Windows' claim at the time of the APA.  *See* Schedule 3.9 of the APA.  The parties nonetheless failed to exclude from SMI's assumption of liabilities, the liabilities arising out of Coral Windows' claim.  I find that there

---

[3] Coral Window has made no express allegations of fraud, nor presented evidence that supports that the APA was a fraudulent effort to avoid the liabilities of Pande Pane.  In the absence of any evidence supporting this theory, I will not address fraud.

are genuine issues of material facts on whether these assumptions are sufficient to warrant successor liability. The parties have not presented sufficient evidence as to whether these assumptions represent a significant part of Pande Pane's liabilities, so as to create successor liability. It is unclear whether SMI agreed to assume a significant part of Pande Pane's liabilities or instead expressly disclaimed the assumption of liability subject to some minor exceptions. *See Krogen Exp. Yachts, LLC v. Nobili*, 947 So. 2d 581, 583 (Fla. Dist. Ct. App. 2007) (finding that an exception to the provision providing no assumption of liability does not in any way nullify it). Accordingly, I find that summary judgment as to whether SMI's assumption of liabilities supports successor liability is not warranted.

### (2) There Are Genuine Issues of Material Facts as to Whether the Transaction Embodied in the APA Was a De Facto Merger

A de facto merger occurs where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger. *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 153-54 (Fla. Dist. Ct. App. 1994). To find a de facto merger there must be continuity of the selling corporation evidenced by the same management, personnel, assets, and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities. *See id.* at 154. All of the events, such as dissolution, need not occur at the same time. "The bottom-line question is whether each entity has run its own race, or whether, there has been a relay-style passing of the baton from one to the other." *See id.*

Viewing the record in the light most favorable to Coral Windows, genuine questions of material fact remain as to whether a de facto merger occurred between Pande Pane and SMI. Mr. Pande, President and member of Pande Pane, still has a 15% equity stake in SMI. Def.'s Statement §1; Pl.'s Statement 1. While SMI presented evidence that Mr. Pande does not make any strategic decisions, Coral Windows presented evidence that he is General Manager. Accordingly, his exact

role within SMI is disputed. The parties also dispute whether SMI hired Pande Pane's key employees. Def.'s Statement §§9-12; Pl.'s Statement 5.

Further, Coral Windows presented evidence that may reasonably be interpreted by the trier of fact as supporting an allegation of de facto merger. Coral Windows presented evidence that Pande Pane and SMI sold similar products, from the same website, under similar names, and with similar logos. Pl.'s Statement 4-6. For fourteen months, SMI occupied the same facility as Pande Pane. Def.'s Statement §13; Pl.'s Statement 3. Many Pande Pane employees were hired by SMI. Def.'s Statement §§9-12; Pl.'s Statement 2-3. About a year after the APA, Pande Pane was dissolved. Def.'s Statement §2; Pl.'s Statement 1.

Accordingly, based on these elements and in light of the fact that disputed factual issues remain, a judgment as a matter of law that the APA was not a de facto merger is not warranted here.

### (3) SMI Is Not a Mere Continuation of Pande Pane.

The concept of continuation of business arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name. *Bud Antle, Inc. v. Eastern Foods, Inc.*, 758 F.2d 1451, 1458 (11th Cir.) (en banc), *reh'g denied,* 765 F.2d 154 (1985); *see also Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 154 (Fla. Dist. Ct. App. 1994). In determining whether one corporation is a mere continuation of another, the test is whether there is a continuation of the corporate entity of the seller-not whether there is a continuation of the seller's business operation. *Bud Antle, Inc.*, 758 F.2d at 1458-59. Put another way, in the case of mere continuation, the "purchasing corporation is merely a 'new hat' for the seller, with the same or similar entity or ownership." *See Munim*, 648 So. 2d at 154. The key element of a mere continuation is a common identity of the officers, directors, and stockholders in the selling and purchasing corporation. *Id.* The change is in form, but not in substance. *See id.* Evidence that the majority owners of the buying corporation were never involved in any way in the selling

8

corporation precludes a finding that the buying corporation is a mere continuation of the selling corporation. *Krogen Exp. Yachts, LLC v. Nobili*, 947 So. 2d 581, 584 (Fla. Dist. Ct. App. 2007). In this case, it is undisputed that 85% of SMI is held by owners that never were involved in Pande Pane. Def.'s Statement §8; Pl.'s Statement 1. Accordingly, in light of the holding in *Krogen Exp. Yachts* and the disputed evidence in the record, I find, as a matter of law, that SMI is not a mere continuation of Pande Pane.

Since there are genuine issues of material fact regarding the issues of de facto merger and assumption of liabilities, a judgment as a matter of law in favor of SMI is not warranted and SMI's Renewed Motion for Summary Judgment shall be denied.

## IV. Conclusion

Accordingly, it is **ORDERED and AJUDGED** that SMI's Renewed Motion for Summary Judgment (ECF No. 78) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of January 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*